IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

JERMAINE EDMONDS, WILLIAM JOHNSON,

       Defendant.

Criminal No. 12-0232
ELECTRONICALLY FILED

**ORDER OF COURT RE: DEFENDANT'S MOTION IN LIMINE**
**(DOC. NO. 106)**

Before the Court is Defendant Edmonds' Motion in Limine and Brief in Support to Preclude the Government from Offering Evidence During its Case-in-Chief of Defendant Edmonds' 2005 Conviction for Possession with Intent to Deliver Crack Cocaine. Doc. Nos. 106-107. The Government filed its Response to same (doc. no. 108), making the Motion ripe for disposition. For the reasons set forth below, the Court will **DENY** the Defendant's Motion in Limine to preclude the Government from introducing evidence concerning Defendant Edmonds' 2005 criminal conviction for possession with intent to deliver crack cocaine during its case-in-chief. However, a limiting instruction will be provided to the jury at the time the evidence is offered as well as during the final jury charge.

**Motion in Limine to Preclude the Government from Offering Evidence During its Case-in-Chief of Defendant Edmonds' 2005 Conviction for Possession with Intent to Deliver Crack Cocaine. (Doc. No. 106)**

In this Motion in Limine, Defendant Edmonds asks that this Court prohibit the Government from offering evidence under F.R.E. 404(b)(2) during its case-in-chief pertaining to

his 2005 conviction for possession with intent to deliver crack cocaine. Defendant Edmonds relies on *United States v. Murray*, 130 F.3d 316 (3d Cir. 1997), to support his position. See Doc. No. 107 .

In response to Defendant Edmonds' argument, the Government contends that it is entitled to offer this information to the jury during its case-in-chief under Federal Rule of Evidence 404(b). Doc. No. 108. The Government posits that Defendant Edmonds' "prior drug trafficking conviction" is more probative than prejudicial especially in a case such as this one where the Government has charged Defendant Edmonds with one count of conspiracy with intent to distribute cocaine, and one count of attempt[ing] to possess with intent to distribute cocaine.

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed.R.Evid. 404(b)(1). However, prior-acts evidence "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed.R.Evid. 404(b)(2). "Prior-acts evidence is admissible only if it is: (1) offered for a proper purpose under Rule 404(b)(2); (2) relevant to that purpose; (3) sufficiently probative under the Rule 403 balancing requirement; and (4) accompanied by a limiting instruction, if requested." *United States v. Davis*, — F.3d —, 2013 WL 4035547, *5 (3d Cir. Aug. 9, 2013) (citations omitted).

Here, the Government specifically contends that it seeks to introduce Defendant Edmonds' 2005 conviction (for possession with intent to deliver crack cocaine) during its case-in-chief for the purpose of illustrating that Edmonds was not "mistaken" about the nature of the transaction from which the current conspiracy and attempt charges stem. Doc. no. 108, p. 1. The Government also contends that if Defendant Edmonds' asserts, explicitly or implicitly, the

defense of entrapment during this trial, "the permissible uses of his prior [2005] conviction will be greatly expanded." Doc. no. 108, p. 2.

Thus, given these stated reasons, the Court finds the Government is offering Defendant Edmonds' prior conviction for a "proper purpose" under the first part of the F.R.E. 404(b) test, in that it is being offered to show intent, lack of mistake, and/or knowledge about the nature of the transaction.

The Court also finds that the evidence meets the second and third parts of the test, in that it is evidence relevant to that meet that "proper purpose", and it is sufficiently probative under F.R.E. 403's balancing requirement. Although Defendant Edmonds raises a "staleness" argument – suggesting that his prior conviction was seven years prior to these charges, and thus, makes his conviction less probative – the Government notes that Defendant Edmonds was incarcerated from 2005 to 2011. He allegedly committed the offenses charged in this case in July of 2012. The Court finds that the acts from which these charges stem occurred a short time after Defendant Edmonds' release from prison on his prior 2005 conviction. Accordingly, the Court does not find Defendant's argument convincing that the purported "seven year time span" renders his prior conviction less probative and more prejudicial.

To meet fourth part of the 404(b) test, the Court will provide limiting instructions to the jury. The Government will be permitted to present evidence of Defendant Edmonds' 2005 conviction to the jury for the limited purpose of proving knowledge of the nature of the transaction and whether he had the intent or motive to attempt to possess cocaine.

Upon the admission of this evidence, the Court will provide the jury with the following limiting instruction:

"Members of the Jury, you may consider this evidence only for the purpose of deciding whether a Defendant had knowledge of the nature of the transaction, and whether that Defendant had an intent or motive to attempt to possess with intent to distribute a controlled substance, or to conspire to do so."

The Court will also provide the following limiting instruction concerning this evidence during its final charge to the jury:

"You may consider this evidence only for the purpose of deciding whether a Defendant had knowledge of the nature of the transaction, had an intent or motive to attempt to possess with intent to distribute a controlled substance or to conspire to do so."[1]

The Court recognizes that the United States Court of Appeals for the Third Circuit, in its recent decision, *United v. Davis, supra.*, attempts to limit the use of a defendant's prior conviction(s). However Defendant Edmonds' prior conviction falls within the set of circumstances in which prior convictions may be admitted according to *Davis*. Additionally, noted in *Davis,* "possession with intent to distribute" convictions are typically admissible in a subsequent prosecution for a similar offense – even when the drug types differ – which is the precise situation currently before this Court, as it pertains to Defendant Edmonds.

Accordingly, Defendant Edmonds' Motion in Limine is DENIED, but the Court will issue the appropriate limiting instructions as indicated above.

                                        s/ Arthur J. Schwab
                                        Arthur J. Schwab
                                        United States District Court Judge

cc:     All Registered ECF Counsel and Parties

---

[1] Should Defendant Edmonds assert a defense of entrapment this final jury charge instruction would vary slightly.