IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,

      Plaintiff,                            Criminal No. 2:12-00232-2

      v.                               ELECTRONICALLY FILED

WILLIAM JOHNSON,

      Defendant.

**<u>MEMORANDUM ORDER</u>**

Pending is Defendant William Johnson's counseled Motion for Early Termination of Supervised Release brought pursuant to 18 U.S.C. § 3583(e) ("Defendant's Motion").  ECF 244. Defendant's Motion asks this Court to terminate his 8-year term of supervised release before its completion in February of 2028. *Id.*

## I.    BACKGROUND

In August of 2012, a federal grand jury in the Western District of Pennsylvania returned a two-count Indictment charging Defendant: at Count I, with Conspiracy to Possess with Intent to Distribute 500 grams or more of cocaine on July 31, 2012 in violation of 21 U.S.C. § 846 and 841(b)(1)(B)(ii)1; and at Count II, with Attempt to Possess with Intent with Intent to Distribute 500 grams or more of cocaine on that same date in violation of 21 U.S.C. § 846 and 841(b)(1)(B)(ii)2 2. Defendant pled not guilty on September 4, 2012, and was tried before a jury. On August 13, 2013, the jury found Defendant guilty on both counts.

On January 16, 2014, this Court sentenced Defendant to 120 months' imprisonment on each count, to run concurrently, followed by 8 years of supervised release at each count to run

concurrently. After Defendant was released from custody in February of 2020, he returned to the Western District of Pennsylvania and began his supervised release.

On June 3, 2026, Defendant filed the instant Motion for Early Termination of Supervised Release. ECF 244. On June 16, 2026, the Probation Officer filed a Report of Status of Person Under Supervision with Respect to Early Termination Pursuant to Guide to Judiciary Policy Vol. 8E, Ch. 3. ECF 247. On June 23, 2026, the Government filed a Response to Defendant's Motion (ECF 249).  The matter is now ripe for adjudication.

## II.      DISCUSSION

As succinctly explained by the district court in *United States v. Lee*, Crim. No. 02-93, 2025 WL 3282953 (W.D. Pa. Nov. 25, 2025) (Hardy, J.):

> Pursuant to 18 U.S.C. § 3583(e), a sentencing court may terminate a term of supervised release prior to its expiration. In accordance with that provision, after considering the applicable factors set forth in 18 U.S.C. § 3553(a), a court may terminate a defendant's term of supervised release after the expiration of one year of supervision, if the court is satisfied that such action is warranted by the defendant's conduct and the interest of justice. *See* 18 U.S.C. § 3583(e)(1). In making this determination, the Sentencing Guidelines also instruct that a court must individually assess the need for ongoing supervision. *See* U.S.S.G. § 5D1.4(b) (providing for the possibility of early termination of supervised release "after an individualized assessment of the need for ongoing supervision" if the court determines, "following consultation with the government and the probation officer," that such action "is warranted by the conduct of the defendant and in the interest of justice").

*Lee,* 2025 WL 3282953, at *1.

In support of his Motion, Defendant contends that he served his term of imprisonment without writeups or incidents while housed at NEOCC, FCI Milan in Milan, Michigan, and FCI Morgantown in Morgantown, West Virginia. Defendant also noted that while serving time at

FCI-Morgantown, he was the head cook for several years, which is a position of significant responsibility. ECF 244, p. 2.

Defendant further notes that since his release from prison he resides in a stable home environment with his girlfriend and minor son. Defendant's Motion also notes that he cares for his minor son during the week while his girlfriend is at work as a case manager at Action Housing. Recently, Defendant was injured at work and suffers from colon cancer , and type II diabetes, which has led him to apply for social security benefits.

Defendant's Motion also indicates that since his release in February 2020, "he has been fully compliant with all the terms and conditions of his supervised release and has satisfied all monetary obligations associated with his case." ECF 244, p. 2.  Defendant further argues that "[a]s of this filing [Defendant] has successfully been on supervision for roughly 6 years and 4 months with a majority of that supervision on low priority status." *Id.*

The United States Probation Office filed a Report of Status of Person Under Supervision with Respect to Early Termination Pursuant to Guide to Judiciary Policy Vol. 8E, Ch. 3. ECF 247. Importantly, in its Report, the Defendant's Probation Officer noted that Defendant "has been supervised for 12 months under low-risk supervision standards and . . . is statutorily eligible for early termination." ECF 247, p. 1.  However, this Report also indicates that Defendant only meets four of the six criteria under § 360.20(e). *Id.,* p.3.  Notably, Defendant tested positive for cannabinoids on May 19,2023 and again, very recently, on April 9, 2026. *Id.*  He verbally admitted to using marijuana following the April 9, 2026, positive test result. *Id.*

The Government opposes the early termination of Defendant's supervised release noting that Defendant's motion is based in large part on compliance with his supervised release

conditions. ECF 249. The Government correctly indicates that "[c]ompliance with release conditions is a good thing, but compliance is, and should be, expected." *Id.,* p. 2.

The United States Court of Appeals for the Third Circuit has explained that when "entertaining a motion for early termination of supervised release" the district court must consider the following § 3553(a) sentencing factors: (1) the nature and circumstances of the offense and the defendant's history and characteristics; (2) the need to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and sentencing range established for the defendant's crimes; (4) pertinent policy statements issued by the United States Sentencing Commission; (5) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (6) the need to provide restitution to any victims of the offense. *United States v. Melvin*, 978 F.3d 49, 52 (3d Cir. 2020). Extraordinary or changed circumstances are not necessary for a term of supervised release to be terminated. *Melvin*, 978 F.3d at 53. "Generally, early termination of supervised release under § 3583(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it . . . because, if a sentence was sufficient, but not greater than necessary when first pronounced, 18 U.S.C. § 3553(a), we would expect that something will have changed in the interim that would justify an early end to a term of supervised release." *Id*.

Turning to the instant case, the Court notes that Defendant was sentenced in 2014 for cocaine trafficking while on parole for a prior Pennsylvania drug trafficking conviction. As recently as April of this year, Defendant violated one of his supervised release conditions. Nothing in this case, even upon the Court's re-review of the matter,

4

suggests that the Court erred when it issued Defendant's sentence, including the length and terms of his supervised release. Moreover, the Court finds no new circumstance, no hardships nor unusual circumstances related to Defendant's supervised release conditions. Thus, the Court finds that there is no § 3553(a) factor weighing in favor of modifying Defendant's term of supervised release at this juncture.

### III.    CONCLUSION

For all of the reasons set forth above, Defendant's Motion for Early Termination of Supervised Release (ECF 244) is DENIED.

SO ORDERED this 25th day of June, 2026.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc:    All Registered ECF Counsel of Record